PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

## IN THE UNITED STATES DISTRICT COURT

FOR THE __Eastern__ DISTRICT OF TEXAS

__Tyler__ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

__Anthony David Teague__   __James A. Lynaugh Unit - TDCJ__
PETITIONER                  CURRENT PLACE OF CONFINEMENT
(Full name of Petitioner)

vs.                         __1976916__
                            PRISONER ID NUMBER

__Bryan Collier__           6:16CV1237 RWS/JDL
RESPONDENT                  CASE NUMBER
(Name of TDCJ Director, Warden, Jailor, or   (Supplied by the District Court Clerk)
authorized person having custody of Petitioner)

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

- ☑ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other:_____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _219th Judicial District Court of Collin County Texas_

2. Date of judgment of conviction: _February 10, 2014_

3. Length of sentence: _20 years TDCJ-ID_

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _366-82919-2013_

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ☑ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)  ☑ Jury   ☐ Judge Only

7. Did you testify at trial?   ☐ Yes   ☑ No

8. Did you appeal the judgment of conviction?   ☑ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? 6th Judicial District - Texarkana   Cause Number (if known): 06-14-00053-CR

   What was the result of your direct appeal (affirmed, modified or reversed)? affirmed

   What was the date of that decision? May 13, 2015, mandate issued Sept. 17, 2015

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: Legal Sufficiency of Evidence

   Result: Dismissed on motion by petitioner

   Date of result: Sept. 17, 2015   Cause Number (if known): PD-0704-15

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: n/a

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☑ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: 219th District Court + Court of Criminal Appeals of Texas

    Nature of proceeding: 11.07 writ application

    Cause number (if known): trial court: W366-82919-2013-HC2, TCA: WR-84,231-03

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _exact date unknown - mid-October of 2015_

Grounds raised: _erroneous jury charge, ineffective assistance of trial and appellate counsel, prosecutorial misconduct_

Date of final decision: _Oct. 12, 2016_

What was the decision? _Denied without written order_

Name of court that issued the final decision: _Court of Criminal Appeals of Texas_

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition? ☐ Yes ☑ No

(a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b) Give the date and length of the sentence to be served in the future: _____

_____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?  ☐ Yes  ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?  ☐ Yes  ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes  ☐ No

16. Are you eligible for release on mandatory supervision?  ☐ Yes  ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?  ☐ Yes  ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____
    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes  ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____

Date of Result: _____

Step 2  Result: _____  _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

    A.  **GROUND ONE:** _See Attached_

    _____

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    _____
    _____
    _____
    _____
    _____

    B.  **GROUND TWO:** _____

    _____

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    _____
    _____
    _____
    _____
    _____

C. **GROUND THREE:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

D. **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21. Relief sought in this petition: _____

_____

_____

_____

_____

_____

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☑ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes  ☑ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☑ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: _Paul D. Key_

   (b) At arraignment and plea: _Brock H. Duke_

   (c) At trial: _Brock H. Duke_

   (d) At sentencing: _Brock H. Duke_

   (e) On appeal: _Shawn S. Ismail_

   (f) In any post-conviction proceeding: _none_

(g)       On appeal from any ruling against you in a post-conviction proceeding: __n/a__

---

## Timeliness of Petition:

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_A properly filed 11.07 writ application was pending for pretty much this entire time frame, entitling petitioner to tolling of the statute of limitations._

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

  (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

      (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing v. *are* and the attached grounds ~~is~~ true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__October 16, 2016__ (month, day, year).

Executed (signed) on __October 16, 2016__ (date).

_____Anthony David Teague_____
Signature of Petitioner (<u>required</u>)

Petitioner's <u>current</u> address: __James A. Lynaugh Unit - TDCJ, 1098 S. Hwy 2037, Fort Stockton, TX 79735__

–10–

TEAGUE V. COLLIER

Attachments to Habeas Petition

20. Grounds for Relief

A. GROUND ONE:

The jury instructions were fundamentally erroneous and denied the Petitioner a fair trial.

Supporting Facts:

The jury charge is located at CR 1712-1724 and was read to the jury at 4RR 172-188. The trial court erred in instructing the jury on the law of stalking. Pages 1 and 4 omit the word "and" from the dates. Page 2 omits "or death" from element 3(a) of the statute. On pages 5-8, the application paragraphs erroneously set out as different acts, each of which could independently constitute the offense of stalking, what should have charged as necessary elements of the offense charged for stalking. These elements should have been charged conjunctively in a single paragraph, rather than disjunctively in twelve separate paragraphs. None of the paragraphs is legally sufficient to stand alone because none contains the essential elements "on more than one occasion" and "pursuant to a same scheme or course of conduct". These disjunctive application paragraphs also improperly allowed the Petitioner to be convicted by non-unanimous verdict. Compounding the charge errors is the Court's confusing response to jury note #2 (CX2). As the State points out at 6RR6 lines 10-16, it was not clear what the jury was asking and consequently there is at least a reasonable probability that the jury only applied legal elements 1(a), 1(b), and 1(c) and disregarded elements 2 and 3. This theory finds further support by the charge's general confusion of "and" with "or" as well as jury note #4 (CX4) which only further inquires about charge element 1.

B. GROUND TWO:

Trial counsel was constitutionally ineffective for failing to object to erroneous jury instructions

Supporting facts:

As described under Ground One, the jury instructions given by the court were full of errors.

Trial counsel waived objections at 4RR 171 line 7 and 6RR 6 line 19. Had he objected, it would have been reversible error to overrule the objections. The strong presumption of sound trial strategy is fully rebutted by case law extant at the time of trial. There is a reasonable probability of a different outcome absent this error by counsel.

C. **GROUND THREE:**

Trial counsel was constitutionally ineffective for failing to properly select a jury.

Supporting facts:

Juror #2, Tania Hernandez, openly expressed her bias against the presumption of innocence at 2RR 128 & 129. Trial counsel failed to challenge her for cause despite her obvious bias and she was seated on the jury as is shown at 2RR 186, rendering the entire panel partial. Prospective juror #29, Megan Draper, expressed a favorable bias to the Applicant at 2RR 100 and, for unknown reasons, trial counsel used a peremptory strike on her. Absent these unprofessional errors, there is a reasonable probability of a different outcome.

D. **GROUND FOUR:**

Appellate counsel was constitutionally ineffective for failing to raise meritorious issues.

Supporting facts:

State's exhibit 4A should not have been admitted into evidence but was done so over trial counsel's timely objections at 3RR 64-76 and 3RR 93 lines 13-17. This exhibit was read to the jury at 3RR 94-97. The jury inquired about its content in jury note #1 (CX 1), so there can be no doubt that the error was not harmless. Had appellate counsel raised this issue, applicant's conviction would have been reversed.

E. **GROUND FIVE:**

Trial counsel was constitutionally ineffective for failing to fully investigate the facts and properly impeach State's witness Rachel Kittrell.

Supporting facts:

Defense attorney Brock Duke states on several occasions in the record that he did not perform his duty to fully investigate the facts of this case (2RR 189-210, 3RR 6-12, CR 1671). Had he done so, he would have discovered that Rachel Kittrell manufactured the incident at the coffee shop on October 22, 2012. She indisputably

had knowledge that the petitioner would likely be there (CR 1654, Sept. 21, 2012 entry, CR 1631-1632 where she indicates a preference for a different starbuck's). She also admitted this in punishment phase. This information, had it been properly presented, would have been useful not only to generally impeach Kittrell's credibility, but would have weighed very heavily against the State's theory that Petitioner's conduct caused Kittrell fear of bodily injury or death, rather than angering her, as well as that the Petitioner knew or reasonably believed that she would regard his conduct as threatening bodily injury or death. (SX 15 at 18-19). Because the State's case relied primarily on the testimony of Rachel Kittrell, there is at least a reasonable probability of a different outcome absent these unprofessional errors of counsel.

## F. GROUND SIX:

Trial counsel was constitutionally ineffective for failing to prosecute constitutional claims of selective or vindictive prosecution

Supporting facts:

Petitioner is deprived of his liberty because he filed a breach of contract civil action against Southern Methodist University and because he committed a petty misdemeanor, to-wit Harassment, that never would have been prosecuted but for his civil action ostensibly protected by the petition-clause of the First Amendment. On 9/12/12 Assistant Chief of Police of SMU James Walters threatened Petitioner with felony charges if he pursued a civil action against SMU. He did this at the very same Starbucks where Kittrell manufactured an incident on 10/22/12. On 9/13/12 Detective Phelan states in a video recorded conversation that this matter was "not a priority of Plano PD" and "only a misdemeanor". In DX 7, 8 Phelan reiterates that it was a misdemeanor - this time under oath. SMU said the same on 9/14/12 in a press release to the Dallas Morning News. At CR 1209 on 10/4/12, Petitioner emailed Phelan a copy of his lawsuit and expressed his fears that evidence would be manufactured against him in retaliation for his lawsuit. On 10/12/12 Petitioner files his suit and on 10/19/12 SMU is served with the citation by Dallas County Constable Office. On 10/22/12, Rachel Kittrell manufactures the Starbucks incident then calls SMU PD instead of 911. On 10/26/12, Petitioner has two phone conversations with Detective Phelan which Phelan fails to report wherein Phelan agrees that allegation is bogus and agrees to close the

investigation against Petitioner. On 10/31/12 Detective Phelan threatens Petitioner with violence and admits that his lawsuit is the reason for his escalation of the charge. Phelan also threatened Petitioner with his gun in video-recorded interview on 9/18/12 after Petitioner raised the subject of a civil action against SMU. He later lied about this at Petitioner's bond hearing in March of 2013. On 11/29/12, John Hardin, defense attorney with ties to SMU, expressly states that the criminal charges against Petitioner were filed because of his lawsuit. After Brock Duke was hired in summer of 2013, Duke admits to Barbara Teague, petitioner's mother, that petitioner has been retaliated against for his civil suit. Had Mr. Duke filed motion to quash and dismiss or a pre-trial habeas writ application on grounds of selective or vindictive prosecution, it would have been error for the trial court not to grant it.

## GROUND SEVEN:

Petitioner's Due Process rights have been violated by prosecutorial misconduct

Supporting facts:

In early February of 2015, the State dismissed another maliciously-filed case against the Petitioner. This case had no competent evidence whatsoever and lacked even cause to suspect it was filed in the proper venue. It was also filed with El Paso PD as a petty misdemeanor and at no time did the police contact the Petitioner about it. The case was only dismissed after Petitioner wrote letters to the Court complaining of vindictive prosecution and speedy trial rights attached. Petitioner believes these facts excuse any procedural default for his selective and vindictive prosecution claims and asks this court to consider them on habeas. The prosecution also knowingly used false evidence with Rachel Kittrell's testimony of the manufactured Starbuck's non-incident and Detective Phelan's withholding of evidence of two phone calls the Petitioner made to him on Friday 10/26/12 (see Ground Six) CR 946. No mention is made in CR 1164 of the two phone calls - Phelan's escalation of the charge is patently false and malicious.

Anthony David Teague
TDCJ-ID#:1976416
James A. Lynaugh Unit
1098 S Hwy 2037
Ft. Stockton, TX 79735

LEGAL MAIL
Priveleged and
Confidential

United States Courthouse
211 West Ferguson Street
Tyler, TX 75702